UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRY R. COCHRANE,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>NEVADA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:15-CV-00522-MMD-VPC<br><br>ORDER |

**I.   DISCUSSION**

On May 25, 2016, the Court issued an order permitting Plaintiff's Eighth Amendment claim of deliberate indifference to proceed and ordered Plaintiff to either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400.00. (ECF No. 14 at 13:24-14:2.) The Court specifically stated that "if Plaintiff does not timely comply with the order to either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400.00, dismissal of this action will result." (*Id.* at 13:10-12.)

Plaintiff did not file a complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

or failure to comply with the local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Plaintiff to file a complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 expressly stated that failure to comply would result in dismissal. (ECF No. 14 at 13:10-12.) Thus, Plaintiff

had adequate warning that dismissal would result from his noncompliance with the Court's order to file a complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00.

**II.     CONCLUSION**

For the foregoing reasons, it is ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 in compliance with this Court's May 25, 2016, order.

DATED THIS 13th day of July, 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE